# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSEF F. BOEHM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-2173 (ABJ) |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Defendants the Federal Bureau of Investigation ("FBI"), the Executive Office for United States Attorneys ("EOUSA"), and the Criminal Division of the United States Department of Justice have moved for summary judgment on the few remaining issues in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006), case. Defs.' Supplemental Mem. in Supp. of Defs.' Mot. for Summ. J. ("Defs.' Supp. Mem.") [Dkt. # 49]. On June 10, 2013, the Court granted defendants' first motion for summary judgment in part, denied it in part, and remanded to defendants "for closer review and supplementation of the basis for withholding" of a few categories of records: (1) the representative document found at page number BOEHM-2738 withheld by the FBI and any documents it was designated to represent; (2) "[d]ocuments that the EOUSA has withheld under the explanation that they are 'related to the grand jury'"; and (3)

1

"[i]nformation that the EOUSA has withheld under exemption 7(D)."[1] *Boehm v. FBI*, -- F. Supp. 2d -- , No. 9-2173, 2013 WL 2477091, at *25 (D.D.C. June 10, 2013). Defendants conducted further review and submitted two additional declarations in support of their contention that the contested documents have been properly withheld under the cited FOIA exemptions Defs.' Supp. Mem. at 2–4; *see also* Hardy 2d Decl. [Dkt. # 49-1]; Luczynski Supplemental Decl. ¶ 3 ("Luczynski Supp. Decl.") [Dkt. # 49-2]. Plaintiff maintains that defendants have still not met their burden to establish the applicability of the exemptions or to justify the present redactions. Pl.'s Resp. to Defs.' Supplemental Mem. in Supp. of Defs.' Mot. for Summ. J. ("Pl.'s Resp.") at 2–5 [Dkt. # 51].

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). The existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[1] In response to plaintiff's fourth objection to the defendants' withholdings, the Court ordered that "the FBI release to plaintiff . . . all portions [of BOEHM 3853 to 3858] that are being withheld under Exemption 7(F), but not under Exemptions 6 or 7(C)." *Boehm*, 2013 WL 2477091, at *25. In the Hardy declaration, the FBI notified the Court that it has complied with this order. Hardy 2d Decl. ¶ 10. Plaintiff does not dispute that representation, so that aspect of the case has been resolved.

2

242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is only "material" if it is capable of affecting the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

## ANALYSIS

### I. Defendants properly withheld the grand jury materials under Exemption 3.

FOIA Exemption 3 authorizes the government to withhold information that is "specifically exempted from disclosure by statute" so long as (1) the statute "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue" and (2) the statute relied on was "enacted after the date of enactment of the OPEN FOIA Act of 2009 [enacted Oct. 28, 2009]." 5 U.S.C. § 552(b)(3)(A)(i), (b)(3)(B). Federal Rule of Criminal Procedure 6(e) is one of the "statutes" to which Exemption 3 refers. *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1113 (D.C. Cir. 2007) ("FRCP 6(e) . . . counts as a statute for purposes of Exemption 3, as it has been positively enacted by Congress.").

Rule 6(e) explicitly prohibits – with exceptions not relevant in this case – the disclosure of "matter[s] occurring before [a] grand jury." Fed. R. Crim. P. 6(e)(2); *see also Senate of P.R. v. DOJ*, 823 F.2d 574, 582 (D.C. Cir. 1987). Therefore, when combined with FOIA's Exemption 3, Rule 6(e) prohibits the disclosure of certain grand jury matters even in the face of a valid FOIA request. *See* 5 U.S.C. § 552(b)(3); Fed. R. Crim. P. 6(e)(2); *Senate of P.R.*, 823 F.2d at 582. The combined protection of Rule 6(e) and Exemption 3 is not without limit, though.

*Senate of P.R.*, 823 F.2d at 582 (noting that the D.C. Circuit has "never embraced a reading of Rule 6(e) so literal as to draw 'a veil of secrecy . . . over all matters occurring in the world that happen to be investigated by a grand jury.") (alteration in original), quoting *SEC v. Dress Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (en banc). As this Court explained in its June 10, 2013 Memorandum Opinion, "[t]he disclosure of information 'coincidentally before the grand jury [which can] be revealed in such a manner that its revelation would not elucidate the inner workings of the grand jury' is not prohibited." *Boehm*, 2013 WL 2477091, at *14 (alterations in original), quoting *Senate of P.R.*, 823 F.2d at 582. Defendants bear the burden of establishing that the disclosure of the information they have withheld would "elucidate the inner workings of the grand jury." *Senate of P.R.*, 823 F.2d at 582; *see also id.* at 579 n.9.

Defendants failed to meet that burden when they filed their first summary judgment motion in this case. In support of the motion, the FBI justified its withholding of representative document BOEHM-2738 and the documents it represented by describing those documents as "'FBI FD–302 form, information obtained pursuant to Federal Grand Jury subpoena.'" *Boehm*, 2013 WL 2477091, at *14, quoting Hardy 1st Decl. at 11 [Dkt. # 36-5]. Since FBI 302 forms do not necessarily reveal what transpired before a grand jury, the Court declined to accept the FBI's claim that the material was covered by Exemption 3 without more detailed information. Similarly, EOUSA acknowledged its withholding of documents and stated that it did not "even process[] some documents that might have been responsive to plaintiff's requests if they were found to be 'related to the grand jury.'" *Id.* at *15, quoting Luczynski Original Decl. ¶ 11 [Dkt. # 36-4]. The Court found this description to be too vague to support the broad assertion of Exemption 3. *Id.* at *15. Consequently, the Court ordered both the FBI and EOUSA to provide

supplemental information for why the withheld documents should be excluded as grand jury material. *Id.* at *14–*15.

Pursuant to that order, the FBI reviewed the documents and concluded once again that Exemption 3 prevented their disclosure. Defs.' Supp. Mem. at 4. In support of its conclusion, the FBI filed a Second Declaration of David M. Hardy, who explained that the information withheld "concerns the names and identifying information of individuals subpoenaed to testify before the Federal Grand Jury, information that identifies particular records subpoenaed by the Federal Grand Jury, and substantive information that would otherwise shed light on the focus, scope and direction of the Federal Grand Jury scope, direction and activities." [2] Hardy 2d Decl. ¶ 9. Mr. Hardy also averred that disclosure of representative document BOEHM-2738 and the documents it represents "would violate the secrecy of the grand jury proceedings by revealing the Federal Grand Jury's inner workings." *Id.*

Similarly, EOUSA reviewed the grand jury documents and concluded that Exemption 3 prohibited their disclosure. Luczynski Supp. Decl. ¶¶ 2–3. EOUSA explained that "details concerning a Federal Grand Jury subpoena, including the name and identifying information of an individual subject to a Federal Grand Jury subpoena and information that identifies specific records or evidence subpoenaed by the Federal Grand Jury were withheld pursuant to this exemption," and that disclosure of the withheld information would, in EOUSA's view, "reveal a subject of the investigation as well as a specific aspect of the Grand Jury's investigation into plaintiff's case, thereby revealing the secret, inner workings of the Federal Grand Jury that considered the case." *Id.* ¶ 3.

---

2   The FBI also states that representative document BOEHM-2738 is "[a]n FBI FD-302 form dated October 26, 2004, reflecting information obtained pursuant to a Federal Grand Jury subpoena." Hardy 2d Decl. ¶ 6 n.1.

Plaintiff does not contest that the names and identifying information of individuals subpoenaed to testify before the federal grand jury were properly withheld pursuant to Exemption 3 and Rule 6(e), Pl.'s Resp. at 2, 5, and "such matters as 'the identities of witnesses or jurors'" are one of the touchstones of information protected by Rule 6(e). *Senate of P.R.*, 823 F.2d at 582 (citation omitted). Therefore, the Court finds that both the FBI and EOUSA satisfied their burden to establish that, at a minimum, information that would otherwise reveal the names or identities of individuals subpoenaed to testify before the federal grand jury was properly withheld.

But plaintiff continues to challenge defendants' decision to withhold the exhibits and records subpoenaed by the grand jury as well as the substantive information the grand jury considered. Pl.'s Resp. at 2–3, 4–5. He argues that "there is no blanket exception to all information that was before a grand jury" and that "[d]efendants have not shown that the substantive information they describe cannot be segregated from the identifying information." *Id.* at 5, citing *Senate of P.R.*, 823 F.2d at 582; *see also id.* at 2.

Plaintiff is correct that there is no per se rule exempting all information in the government's possession that was ever presented to a grand jury simply because the grand jury received it. But the cases he relies upon do not go so far as to mandate the disclosure of grand jury exhibits under FOIA either. First, "Rule 6 is 'quite clear that disclosure of matters occurring before the grand jury is the exception and not the rule,'" *Acosta v. FBI*, -- F. Supp. 2d -- , No. 12-1578, 2013 WL 5306699, at *4 (D.D.C. Sept. 23, 2013), quoting *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 868 (D.C. Cir. 1981), and in this circuit, "[a]ll grand jury subpoenas (be they ad testificandum or duces tecum) . . . fall within FOIA's third exemption," *Lopez v. DOJ*, 393 F.3d 1345, 1350 (D.C. Cir. 2005); *see also Plunkett v.*

*DOJ*, 924 F. Supp. 2d 289, 299 (D.D.C. 2013); *Blackwell v. FBI*, 680 F. Supp. 2d 79, 92–93 (D.D.C. 2010), *aff'd* 646 F.3d 37 (D.C. Cir. 2011). Second, although "[t]he fact that a grand jury has subpoenaed documents concerning a particular matter does not [automatically] insulate that matter from investigation in another forum," *Dresser*, 628 F.2d at 1383, information identifying which documents were subpoenaed and the documents themselves may still be protected under Rule 6(e) if revealing that information would tend to "elucidate the inner workings of the grand jury," *Senate of P.R.*, 823 F.2d at 583, quoting *Fund for Constitutional Gov't*, 656 F2d at 870 (internal quotation marks omitted). These considerations are unlikely to be present where "testimony or data is sought for its own sake for its intrinsic value in furtherance of a lawful investigation," but the need to shield the information may arise when the material is sought "to learn what took place before the grand jury." *In re Grand Jury Impanelled Oct. 2, 1978*, 510 F. Supp. 112, 114 (D.D.C. 1981) (citation omitted); *see also Senate of P.R.*, 823 F.2d at 583 n.30 (citing with approval the reasoning in *In re Grand Jury Impanelled*); *Cunningham v. Holder*, 842 F. Supp. 2d 338, 344 (D.D.C. 2012).

Here, the FBI and EOUSA are withholding information that identifies the particular records subpoenaed by the federal grand jury as well as the substantive information actually obtained and considered by the grand jury pursuant to those subpoenas. This approach is proper under Exemption 3 because disclosure of the documents would reveal the contents of a grand jury subpoena, which is prohibited in this circuit, *Lopez*, 393 F.3d at 1350, and they would shed light on how the grand jury went about its work. Moreover, plaintiff seeks these documents to learn what occurred before the grand jury, not for use in furtherance of a lawful investigation. *See* Pl.'s Response to Defs.' Mot. for Summ. J. ("Pl.'s Opp.") at 19 [Dkt. # 42] ("Plaintiff is trying to obtain information to show that the government had a pattern of failing to disclose

*DOJ*, 924 F. Supp. 2d 289, 299 (D.D.C. 2013); *Blackwell v. FBI*, 680 F. Supp. 2d 79, 92–93 (D.D.C. 2010), *aff'd* 646 F.3d 37 (D.C. Cir. 2011). Second, although "[t]he fact that a grand jury has subpoenaed documents concerning a particular matter does not [automatically] insulate that matter from investigation in another forum," *Dresser*, 628 F.2d at 1383, information identifying which documents were subpoenaed and the documents themselves may still be protected under Rule 6(e) if revealing that information would tend to "elucidate the inner workings of the grand jury," *Senate of P.R.*, 823 F.2d at 583, quoting *Fund for Constitutional Gov't*, 656 F2d at 870 (internal quotation marks omitted). These considerations are unlikely to be present where "testimony or data is sought for its own sake for its intrinsic value in furtherance of a lawful investigation," but the need to shield the information may arise when the material is sought "to learn what took place before the grand jury." *In re Grand Jury Impanelled Oct. 2, 1978*, 510 F. Supp. 112, 114 (D.D.C. 1981) (citation omitted); *see also Senate of P.R.*, 823 F.2d at 583 n.30 (citing with approval the reasoning in *In re Grand Jury Impanelled*); *Cunningham v. Holder*, 842 F. Supp. 2d 338, 344 (D.D.C. 2012).

Here, the FBI and EOUSA are withholding information that identifies the particular records subpoenaed by the federal grand jury as well as the substantive information actually obtained and considered by the grand jury pursuant to those subpoenas. This approach is proper under Exemption 3 because disclosure of the documents would reveal the contents of a grand jury subpoena, which is prohibited in this circuit, *Lopez*, 393 F.3d at 1350, and they would shed light on how the grand jury went about its work. Moreover, plaintiff seeks these documents to learn what occurred before the grand jury, not for use in furtherance of a lawful investigation. *See* Pl.'s Response to Defs.' Mot. for Summ. J. ("Pl.'s Opp.") at 19 [Dkt. # 42] ("Plaintiff is trying to obtain information to show that the government had a pattern of failing to disclose

material information, specifically information relating to Bill Allen or anyone connected with him."); *id.* at 2 ("Plaintiff Josef Boehm filed his initial request for information in 2009, seeking exculpatory and mitigating evidence that had been improperly withheld by the government during Mr. Boehm's concluded criminal prosecution."). Therefore, the Court concludes that the FBI met its burden to establish that representative document BOEHM-2738 and the category of records it represents are exempt from disclosure under Exemption 3 and Rule 6(e) and that EOUSA also met its burden to establish that its grand jury documents are exempt from disclosure under Exemption 3 and Rule 6(e). *See Sennett v. DOJ*, -- F. Supp. 2d -- , No. 12-495, 2013 WL 4517177, at *9 (D.D.C. Aug. 27, 2013) (upholding the FBI's application of Exemption 3 to withheld grand jury material based on the same justification provided in this case); *McGehee v. DOJ*, 800 F. Supp. 2d 220, 231 (D.D.C. 2011) (same); *Blackwell*, 680 F. Supp. 2d at 93 (same).[3]

## II. EOUSA properly withheld the names and identifying information of government sources.

EOUSA continues to maintain that it properly withheld records pursuant to FOIA Exemption 7(D) that "contain[ed] information concerning the identities of individuals and materials that the individuals provided in connection with the investigation of plaintiff for violation of the federal criminal laws." Luczynski Orig. Decl. ¶ 27; *see also* Luczynski Supp. Decl. ¶¶ 4–8. In support of its claim that the withheld information is related to confidential sources within the meaning of Exemption 7(D), EOUSA refers to plaintiff's alleged drug transactions and quotes portions of at least one source's interview where the source indicates fear of reprisal. Luczynski Supp. ¶¶ 7–8. Plaintiff argues that EOUSA has not met its burden to

---

3   Based on the Court's conclusion that merely revealing the type of records subpoenaed and the substantive information considered by the grand jury would violate the secrecy requirements of Rule 6(e), the Court rejects plaintiff's segregability argument because there is no way to release potentially segregable information without also disclosing protected information.

establish that all of the information being withheld was specifically provided by confidential sources because EOUSA makes no attempt to differentiate confidential sources from non-confidential sources. Pl.'s Resp. at 4. He also submits that there is no legitimate fear of reprisal because plaintiff is incarcerated and is no longer involved in a conspiracy. *Id.*

The Court notes that in its June 10 Order, it found EOUSA's invocation of this exemption to be conclusory, and it directed the EOUSA to proffer facts from which the Court could conclude that the information withheld under Exemption 7(D) had been provided under an express grant of confidentiality or that confidentiality was implied. *Boehm*, 2013 WL 2477091, at *19–21. In its supplemental submission, EOUSA has done little more than reassert that the information was gathered in the course of a criminal investigation and that some of the information may relate to plaintiff's alleged drug transactions, leaving the Court with misgivings about whether EOUSA's showing is now sufficient. But the Court need not resolve the question of whether EOUSA satisfied its burden to establish confidentiality under Exemption 7(D) because all the information withheld pursuant to that exemption has also been properly withheld under Exemption 7(C).

EOUSA's *Vaughn* index demonstrates that all documents it withheld under Exemption 7(D) are also withheld under Exemption 7(C), Attach. 1 to Luczynski Org. Decl. ("*Vaughn* index") at 5; Attach. 2 to Luczynski Orig. Decl. ("Suppl. *Vaughn* index") at 4–6, 8; *see also* Representative Sample Exemptions Taken at 8 [Dkt. # 45], and that the only information withheld under Exemption 7(D) was "[t]he names and other identifying information" of law

enforcement officers and government sources, *Vaughn* index at 5.[4] These names and identifying information, however, are precisely the type of information protected by Exemption 7(C), and this Court previously held that the privacy interest in one's name and identifying information outweighed any public interest in disclosure in this case.[5] *Boehm*, 2013 WL 2477091, at *16–*19. Thus, the Court finds it unnecessary to address whether EOUSA has provided sufficient justification to warrant the withholdings under Exemption 7(D) because the *Vaughn* index, along with the Court's previous conclusion regarding the balance of Exemption 7(C)'s privacy and public interests, support the conclusion that the names and identifying information of government sources and law enforcement officers were properly withheld under Exemption 7(C). *See Raulerson v. Ashcroft*, 271 F. Supp. 2d 17, 28 n.8 (D.D.C. 2002) (finding that, "to the

---

[4] With respect to the substance of the information provided by the witnesses and informants, Mr. Luczynski confirmed that EOUSA released "as much segregable information as possible without revealing the identities of the individuals interviewed." Luczynski Supp. Decl. ¶ 8. Plaintiff offers no evidence that this declaration is false, and the Court finds it to be sufficient to establish that all reasonably segregable information has been disclosed. *See Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981) ("[I]t is now well established that summary judgment on the basis of such agency affidavits is warranted if the affidavits describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."). Moreover, EOUSA also withheld most of the potentially non-identifying information provided by alleged government sources under Exemption 5, *see* Suppl. *Vaughn* index at 4–6, and the Court previously upheld EOUSA's application of Exemption 5 to the documents in this case, *Boehm*, 2013 WL 2477091, at *15–16.

[5] Although the Court's previous opinion did not explicitly address the privacy interests with regard to government sources and instead discussed only the privacy interest of law enforcement officials, it is well-settled in this circuit that government sources have a privacy interest in not having their identities disclosed and that the identities of government sources fall within the scope of Exemption 7(C). *See generally Computer Prof'ls for Social Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir. 1996). Based on the same reasoning provided by this Court in its June 10, 2013 Memorandum Opinion, the Court concludes that plaintiff failed to identify a public interest that would overcome the privacy interests of government sources in this case. *See Boehm*, 2013 WL 2477091, at *18–*19.

extent that the FBI has sought to protect names and identifying information through Exemption 7(D), such information is already protected under Exemption 7(C)").

## CONCLUSION

For the reasons set forth above, the Court concludes that defendants have released all documents required by 5 U.S.C. § 552 and provided sufficient grounds to withhold or redact any remaining documents. The Court will grant defendants' motion for summary judgment with respect to its remaining withholdings of the grand jury material pursuant to Exemption 3, and the remaining names and identifying information of government witnesses pursuant to Exemption 7(C). A separate order will issue.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: October 18, 2013